502 F.2d 1159
 85 L.R.R.M. (BNA) 2548, 72 Lab.Cas. P 14,145
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
* National Labor Relations Board, Petitioner
v.
Rennie Manufacturing Company, Inc., Respondent.
 No. 73-1231.
 United States Court of Appeals, First Circuit.
 Nov. 20, 1973.
 
 Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.
 
 Memorandum and Order
 
 1
 In determining that the respondent had violated Sec. 8(a)(1) and Sec. 8(a)(3) of the NLRA, the National Labor Relations Board relied upon circumstantial evidence that the company had granted benefits to its employees in response to union organizing, and had discharged one of the leading organizers as a way of undermining union activity.
 
 
 2
 Twenty-six pages of respondent's brief are devoted to a demonstration of the barrenness of the record on the issue of improper motivation for discharge. While vigorous argument as to the sufficiency of evidence is to be expected, we also expect counsel with the laboring oar to state and deal with significant evidence even though it is adverse. In this case respondent's brief overlooked the critical testimony of the discharged employee as to part of what his foreman said to him when he was discharged. This, together with other evidence concerning the employee's record, the absence of warnings, the knowledge of union activities by company personnel, the timing of the discharge, and anti-union animus, constituted substantial evidence to support the Board's findings.
 
 
 3
 While we might question the sufficiency of the evidence to justify the Board's rejection of the company's claim that it had decided, before the union's organizing campaign, to stop the posting of employees' performance "report cards," this item was not crucial to either the Board's conclusion that the company violated Section 8(a)(1) by promising and granting benefits to discourage union activities or its order.
 
 
 4
 The order of the National Labor Relations Board of April 16, 1973, is affirmed and enforced.
 
 
 
 *
 1-CA-8327; [1973 CCH NLRB p 25,251] 202 NLRB No. 152